Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3275  00 C 3125 | **DATE** | 9/27/2001 |
| **CASE TITLE** | ANDERSON, ET AL vs. NEW DIMENSION FINANCIAL SERVICES, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: This Court adopts the Report and Recommendation of Magistrate Judge Nolan and denies the Plaintiffs' motion to certify the class.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 8 2001 | |
| | Notified counsel by telephone. | | date docketed | 37 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 01 SEP 27 PM 5:12 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TODD and TERRI ANDERSON, and JOHN and )
SHEILA TEICHMAN, each individually and on )
Behalf of others similarly situated, )
)
Plaintiffs, )
)
) Case No. 00 C 3725
)
) Judge Ronald Guzman
v. )
)
) Magistrate Judge
NEW DIMENSION FINANCIAL SERVICES, ) Nan R. Nolan
L.P., et al. )
)
Defendants. )

DOCKETED
SEP 2 8 2001

## MEMORANDUM OPINION AND ORDER

This consumer lending case is before this Court on plaintiffs' objections[1] to Magistrate Judge Nolan's Report and Recommendation in which she recommended that plaintiffs' motion for class certification be denied. Plaintiffs' claim, filed pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(b) and the Uniform Deceptive Acts and Practices ("UDAP"), involves the purchase of new homes in Algonquin Hills and loans used to purchase these homes. For the following reasons, the Court denies plaintiffs' motion to certify the class and adopts the Report and Recommendation of Magistrate Judge Nolan.

---

[1] Federal Rule of Civil Procedure 72 does not contemplate reply briefs, and because plaintiffs' were not granted leave of court to file one, the brief submitted has not been considered by the Court.

1

I. **Background**

Plaintiffs Sheila and John Teichman and Terri and Todd Anderson were looking to purchase new homes in 1998 in a subdivision in Algonquin, Illinois. The developers of the subdivision, Kimball Hill ("Kimball"), referred both couples to New Dimension Financial Services ("New Dimension") to assist them in the financing. Plaintiffs were asked to sign an Affiliated Business Disclosure Form, required by RESPA, regarding the referral to New Dimension. Plaintiffs assert that the estimates on the disclosure forms were incorrect, although Kimball had access to the actual fees charged by New Dimension. Plaintiffs were also asked by New Dimension to sign a "Loan Interest Rate Agreement" and a "Loan Brokerage Disclosure Statement and Agreement" providing for a penalty should the client request another lender and giving New Dimension exclusive rights to arrange the terms of the loan.

Plaintiffs claim that CTX Mortgage ("CTX"), a lender, has a close relationship with New Dimension. Plaintiffs assert that New Dimension assigns most of its loans to CTX, including plaintiffs' loans. Plaintiffs also assert that CTX is not interested in maintaining and servicing mortgage loans, but rather in providing the original funding and collecting the initial interest payments. Plaintiffs contend that unlike the "Affiliated Business Disclosure" form they were asked to sign by Kimball regarding the referral to New Dimension, New Dimension did not give plaintiffs a similar form to sign regarding the referral of the mortgage to CTX.

These allegations prompted plaintiffs to file three claims against defendants. In response to these claims, defendants claim that New Dimension may act as a lender or a broker depending on several factors. When New Dimension does not fund the loan, it

2

acts as a broker to another lender. When New Dimension funds the loan, it has a line of credit with Bank One, which it uses for funding, and it then sells the loan to CTX pursuant to a Mortgage Loan Purchase Agreement. Plaintiffs have sought to certify a class of 786 members who bought a Kimball Hill home, were referred by Kimball Hill to New Dimension for financing, and made initial mortgage payments to CTX.

## II. Discussion

Federal Rule of Civil Procedure ("Rule") 72 provides for the referral of pretrial matters to a magistrate judge. Under the Rule, the magistrate's order may be subject to review by a district court judge. However, pursuant to 28 U.S.C. § 636(b)(1)(A), a motion for class certification may not be decided independently by a federal magistrate judge. Accordingly, the District Court has the authority to make the final determination on the motion, and is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

### A. Class Certification Under Rule 23

To certify a class, the plaintiff must meet the following four requirements: 1) class is too numerous to join; 2) common questions of law or fact; 3) claims or defenses of representative parties are typical of those of the class members, and 4) the representative parties will fairly and adequately represent the class. Fed. R. Civ. P. 23(a). Once these requirements are satisfied, the plaintiffs must meet one of the requirements of Rule 23(b). *Retired Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). Plaintiffs in this case have moved to certify the class under Rule 23(b)(3), which requires "that the questions of law or fact common to the members of the

class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

Plaintiffs have only objected to Magistrate Judge Nolan's findings and holdings regarding the absence of Rule 23(b)(3) predominance. Therefore, this Memorandum Opinion and Order will address those objections.

To qualify for certification under Rule 23(b)(3), plaintiffs must show "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs moving for certification under Rule 23(b)(3) must show that they are seeking to remedy a common legal grievance. *Doe v. Guardian Life Ins. Co. of Am.*, 145 F.R.D. 466, 475 (N.D. Ill. 1992). However, it is not necessary for the common issues to be dispositive of the entire litigation. *Doe*, 145 F.R.D. at 475; *Riordan v. Smith Barney*, 113 F.R.D. 60, 65 (N.D. Ill. 1986). Plaintiffs must also show that class action is the superior method for adjudication of the case. Fed. R. Civ. P. 23(b)(3). The purpose of requiring predominance and superiority is to determine whether certifying the class will have practical utility. *Doe*, 145 F.R.D. at 474.

**B.   Analysis**

Plaintiffs' first objection is in response to the method of measuring damages suggested by Magistrate Judge Nolan. Plaintiffs argue that the only individual inquiry is into the amount of damages, but the method of formulating damages is uniform for each plaintiff, and therefore the common issues predominate. Defendants assert that to

adjudicate plaintiffs' RESPA claim, an "individualized inquiry into each Plaintiff's loan and services provided by New Dimension pursuant to that loan" would be necessary. (R. & R. at 11). Section 8 of RESPA prohibits the payment of kickbacks or referral fees for settlement services. 12 U.S.C. § 2607(a). However, section 8(c) provides that "the payment to any person of a bona fide salary or compensation or other payment for good or facilities actually furnished or for services actually provided" is not prohibited. 12 U.S.C. § 2607(c). This issue was clarified by the U.S. Department of Housing and Urban Development (HUD) in RESPA Policy Statement 1999-1, finding that payments of yield spread premiums by lenders to mortgage brokers are not per se illegal and that courts may make individualized inquiries into whether payments are related to the receipt of goods or services. *See* 24 C.F.R. §§ 3500.2, 3500.7, 3500.14. Therefore, the only way to determine whether or not each plaintiff was charged unfairly would be to examine each individual case, which would not be amenable to a class action.

The second objection raised by plaintiffs is based on Magistrate Judge Nolan's finding that there is no evidence to show that "the amounts charged to borrowers were unrelated to the types of services provided." (R. & R. at 14). Plaintiffs assert that they were overcharged by New Dimension for services provided by CTX Mortgage on behalf of New Dimension and that these amounts were unrelated to services performed. However, the plaintiffs have not cited any case law which supports this theory. Plaintiffs cite *Dujanovic v. Mortgage America, Inc.*, 185 F.R.D. 660, 665 (B.D. Ala. 1999), in which the district court certified a class of plaintiffs who had alleged that the yield spread premium paid to a broker was determined by the interest rate of the loan, which was unrelated to the services provided. This is not the case before this court. Plaintiffs claim

5

that CTX charges a flat rate to services it performs for New Dimension, however the amount charged by New Dimension for services to home owners does vary. However, this does not establish on its own that the fees were unrelated. Whether or not each individual plaintiff was charged a reasonable fee may depend on several factors and cannot be determined on a class wide basis. *See, e.g., Sicinski v. Reliance Funding Corp.*, 82 F.R.D. 730 (S.D.N.Y. 1979); *Hinton v. First American Mortgage*, 1998 WL 111668, *5 (N.D. Ill. March 4, 1998).

Plaintiffs also argue that the requirement of examining individual documents for each class member does not preclude certification of the class. (Plantiffs' Obj. at 9-10). Plaintiffs claim that Magistrate Judge Nolan's finding contradicts *Heastie v. Comm. Bank of Greater Peoria*, where the court held that because individual issues were relatively simple, common issues to the class would still predominate. *See* 125 F.R.D. 669, 675 n. 6 (N.D. Ill. 1989). However, the *Sicinski* court refused to certify a class because the court would be required to determine what services were rendered in each separate transaction to decide whether fees were "reasonably related" to services provided. 82 F.R.D. at 733. Subsequent decisions have supported this conclusion finding that class certification was inappropriate where the court was required to determine whether or not a kickback had occurred on a class wide basis. *See Taylor v. Flagstar Bank, FSB*, 181 F.R.D. 509, 523 (M.D. Ala. 1998); *see also, e.g., Golon v. Ohio Savings Bank*, 1999 WL 965593, *6 (N.D. Ill. Oct. 15, 1999). Therefore, an individual inquiry would be necessary to determine liability.

The plaintiffs' final objection is regarding the class certification of their unfair and deceptive trade practices statutes ("UDAP") claims. Plaintiffs argue that if this

Court certifies the RESPA claims, they must also certify the UDAP claims. (Plaintiffs' Obj. at 10-11). This court has determined that the RESPA claims are not suitable for class certification and plaintiffs have failed to provide any other support as to why the UDAP claims are suitable for certification, therefore certification is not appropriate.

**III.  Conclusion**

This Court adopts the Report and Recommendation of Magistrate Judge Nolan and denies the Plaintiffs' motion to certify the class.

SO ORDERED. 9/27/01

ENTERED:

*[signature]*

**HON. RONALD A. GUZMAN**
**United States Judge**